## In the Matter of Lawrence J. BRODEUR.

### No. 685 S 260.

Supreme Court of Indiana.

June 28, 1985.

Elizabeth Mann, Bloomington, for respondent.

Sheldon A. Breskow, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

### DISCIPLINARY ACTION

PER CURIAM.

The Supreme Court Disciplinary Commission and the Respondent in this matter, Lawrence Brodeur, have entered into and have tendered for this Court's approval a "Statement of Circumstances and Conditional Agreement for Discipline." The Respondent has also tendered to this Court the requisite affidavit pursuant to Section 17 of Admission and Discipline Rule 23.

In accordance with the statement of circumstances and agreement, we find that the Disciplinary Commission has charged the Respondent with violating Disciplinary Rule 9–101(B) by accepting private employment in a matter in which he had substantial responsibility as a public employee.

We find, in accordance with the agreed facts, that the Respondent is a member of the Bar of this State. From January 1, 1982, to December 31, 1982, he served as a full-time Deputy Prosecuting Attorney for Monroe County, Indiana. As such, on July 15, 1982, he signed and caused to be filed a four-count Information against Leonard Grubb. On July 16, 1982, the Respondent also filed a one-count Information against Michael Gallagher. Both men were charged as a result of a shooting incident which occurred at the Grubb residence on July 13, 1982. In his capacity as Deputy Prosecutor, the Respondent represented the State at Grubb's arraignment, filed a response to the Defendant's Notice for Discovery and Inspection and also represented the State in plea negotiations with Grubb's attorney.

On December 31, 1982, the Respondent left the employee of the Monroe County Prosecutor's Office. On February 15, 1983, the Respondent entered his appearance for Gallagher in the criminal cause. Thereafter, on May 22, 1984, the Respondent filed a civil action entitled *Gallagher v. Grubb,* on behalf of Gallagher and against Grubb. The civil action involved the same shooting incident of July 13, 1982, which was the subject of the criminal charges.

Having once represented the State by filing charges against Gallagher, the Respondent proceeded to later become Gallagher's defense counsel in the very same case. Additionally, he undertook to file a civil action involving the very same incident and parties which he had handled and prosecuted in his official capacity. After a lawyer leaves public employment, he should not accept employment in connection with any matter in which he had substantial responsibility prior to his leaving, since to accept employment would give the appearance of impropriety. E.C. 9–3. From all the foregoing findings and in accordance with the agreement of the parties, we find that the Respondent has violated Disciplinary Rule 9–101(B) of the *Code of Professional Responsibility for Attorneys at Law.*

The parties have agreed that the appropriate discipline in this case is a public reprimand. Having examined the findings, this Court finds that the agreed sanction is appropriate under the circumstances of this case.

Accordingly, the Respondent is hereby reprimanded and admonished for the misconduct found herein.

Costs of this proceeding are assessed against the Respondent.